IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UZOAMAKA JOAN UGWU,

    Plaintiff,

       v.

UR M. JADDOU, Director of U.S. Citizenship and Immigration Services, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:24-CV-2328-TWT

## OPINION AND ORDER

This is an immigration action. It is before the Court on the Defendants Ur M. Jaddou and Jesselee A. Santos-Krider's Motion to Dismiss [Doc. 7]. For the following reasons, the Defendants' Motion to Dismiss [Doc. 7] is GRANTED.

### I. Background[1]

Plaintiff Uzoamaka Joan Ugwu is a 37-year-old Nigerian citizen who is married to a U.S. citizen, Rashannad De'Anthony Burton. (Compl. ¶ 3). In February 2018, the Plaintiff filed I-485 and I-601 applications to adjust her status to that of a lawful permanent resident and for a waiver of grounds of inadmissibility, both of which were denied. (*Id.* ¶¶ 3, 9, 26). In February 2023, the Plaintiff pled guilty to a violation of 18 U.S.C. § 1960(a), (b)(1)(C) for

---

[1] The Court accepts the facts as alleged in the Complaint as true for purposes of the present Motion to Dismiss. *Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1122 (11th Cir. 2019).

conducting an unlicensed money transmitting business. (*Id.* ¶ 27; Compl., Ex. 6). The Plaintiff's initial I-485 application was denied on the grounds that she was inadmissible due to the conviction and that there was no waiver of inadmissibility available. (*See* Compl., Ex. 5 at 1-2). In September 2023, the Plaintiff refiled her I-485 application, which was again denied on the same grounds. (Compl. ¶¶ 30-31; *Id.*, Ex. 3). Her refiled I-601 application was also denied for the same reason. (Compl. ¶ 34; *Id.*, Ex. 4).

The Plaintiff brought this action under the Administrative Procedure Act seeking a review of the denial of her applications and asking the Court to set the denials aside. (*Id.* ¶¶ 37-46). The Defendants moved to dismiss, arguing that the Court lacks jurisdiction to review the denials under 8 U.S.C. § 1252(a)(2)(B) and that the case must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). (Def.'s Mot. to Dismiss, at 14-20). Alternatively, they argue that the Plaintiff fails to state a claim and that dismissal is therefore warranted under Fed. R. Civ. P. 12(b)(6). (*Id.* at 20-26).

## II.  Legal Standards

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the

2

possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983); *see also Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

### III. Discussion

In their Motion to Dismiss, the Defendants argue that this Court lacks jurisdiction to review the denials of the Plaintiff's I-485 and I-601 because 8 U.S.C. § 1252(a)(2)(B)(i) plainly strips courts of jurisdiction to review any decision concerning the granting of relief under 8 U.S.C. § 1255(a), which includes applications for adjustment of status, or the granting of a waiver of inadmissibility under 8 U.S.C. § 1182(h). (Def.'s Mot. to Dismiss, at 14-20). The Defendants alternatively argue that the Plaintiff has failed to state a claim

3

because the Plaintiff is inadmissible under 8 U.S.C. § 1182(a)(2)(I) since her conviction gave USCIS "reason to believe," as the statute requires, that she had engaged in an offense as "described in section 1956 or 1957 of Title 18." (*Id.* at 20-21). They contend that § 1182(a)(2)(I) does not require an actual conviction but instead reasonable or probative evidence, which USCIS had here. (*Id.* at 21-24). Finally, the Defendants assert that the Plaintiff failed to state a claim as to her I-601 application because § 1182(h) does not contain a waiver of grounds of inadmissibility for an alien who was deemed inadmissible under § 1182(a)(2)(I). (*Id.* at 24-26).[2]

The Plaintiff responds that 8 U.S.C. § 1252(a)(2) applies only to removal proceedings and that the Court thus has jurisdiction over this matter. (Pl.'s Resp. in Opp. to Mot. to Dismiss, at 3). The Plaintiff also argues that there is a distinction between discretionary determinations and "the administrative process taken to arrive at [] that decision," the latter of which the Court has jurisdiction to review under the exception for legal and constitution questions. (*Id.* at 4-6). Additionally, the Plaintiff contends that she has stated a viable claim for relief because she was not convicted under 18 U.S.C. § 1956 or § 1957, which are listed in the ground of inadmissibility her applications were denied under, and therefore, she did not require a waiver of inadmissibility. (*Id.* at 6-11).

---

[2] The Court has also read and considered the Defendants' reply brief.

A spouse-beneficiary of an I-130 relative petition may file a Form I-485 application to adjust her status to that of a lawful permanent resident based on the approved I-130 petition. *See* 8 U.S.C. § 1255(a); *see also* 8 U.S.C. § 1154(a)(1)(A); 8 U.S.C. § 1151(b)(2)(A)(i). The I-485 application may be granted by the Attorney General, in his discretion and in accordance with all applicable regulations, if: (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed. 8 U.S.C. § 1255(a).

Congress has identified a series of grounds that make an alien inadmissible, including, as relevant, where the Attorney General "knows, or has reason to believe, [an alien] has engaged, is engaging, or seeks to enter the United States to engage, in an offense which is described in section 1956 or 1957 of Title 18 (relating to laundering of monetary instruments)." 8 U.S.C. § 1182(a)(2)(I)(i). If an alien is inadmissible, they are necessarily ineligible for an adjustment of status. *See* 8 U.S.C. § 1255(a). Congress has provided waivers for certain grounds of inadmissibility in 8 U.S.C. § 1182(h), including waiving the grounds of inadmissibility contained in § 1182(a)(2)(A)(i)(I), (II), (B), (D), and (E). Even when a waiver is available, they are applied only in the Attorney General's discretion. *See* 8 U.S.C. § 1152(h).

5

Congress has also stripped jurisdiction from the courts over certain decisions pertaining to adjustment of status, including "any judgment regarding the granting of relief under section 1182(h) or . . . 1255 of this title." 8 U.S.C. § 1252(a)(2)(B)(i). This is true "regardless of whether the judgment, decision, or action is made in removal proceedings." *Id.* § 1252(a)(2)(B). In *Patel v. Garland*, 596 U.S. 328 (2022), the plaintiff sought adjustment of status before an immigration judge in removal proceedings. *Id.* at 333-34. In describing § 1252(a)(2)(B)(i)'s jurisdiction-stripping provision, the Supreme Court held that "[t]he provision does not restrict itself to certain kinds of decisions. Rather, it prohibits review of *any* judgment *regarding* the granting of relief under § 1255 and the other enumerated provisions." *Id.* at 338. The Supreme Court also noted that while the reviewability of USCIS decisions was not before it, as opposed to decisions made in removal proceedings, it seemed that Congress did "in fact, intend to close that door," citing the plain language of § 1252(a)(2)(B). *Id.* at 345-46. Since then, a panel of the Eleventh Circuit has held that § 1252(a)(2)(B)(i) precluded judicial review of USCIS's decision to deny an application for adjustment of status, relying on *Patel* in doing so. *Doe v. Sec'y, U.S. Dep't of Homeland Sec.*, 2023 WL 2564856, at *2-3 (Mar. 20, 2023).

The Court finds that it lacks jurisdiction to consider the Plaintiff's claims because they are expressly excluded from judicial review under 8 U.S.C.

6

§ 1252(a)(2)(B)(i). First, contrary to the Plaintiff's position, § 1252(a)(2)(B)'s text makes clear that it applies to decisions regarding the granting of relief under § 1255 and § 1182(h) "regardless of whether the . . . decision . . . is made in removal proceedings." 8 U.S.C. § 1252(a)(2)(B); *Doe*, 2023 WL 2564856, at \*2-3. Thus, § 1252(a)(2)(B) is applicable here regardless of the fact that the Plaintiff seeks review of a USCIS decision on adjustment of status rather than a decision made in removal proceedings. Second, there is no dispute that the decisions the Plaintiff seeks review of fall under § 1255 and § 1182(h) and the Court finds that review of those decisions is therefore precluded from judicial review pursuant to § 1252(a)(2)(B)(i). (*See* Compl., Exs. 3, 4, 5). The Plaintiff also argues that this provision does not apply because USCIS's adjudication of her applications was not discretionary, but as the Supreme Court held in *Patel*, "the text of the provision stops that argument in its tracks because the bar on review applies to '*any* judgment.'" *Patel*, 596 U.S. at 341 (further nothing that, "[h]ad Congress intended instead to limit the jurisdictional bar to 'discretionary judgments,' it could easily have used that language."). Third, to the extent the Plaintiff argues that her challenges are beyond § 1252(a)(2)(B)(i)'s reach because they present constitutional and legal questions, courts retain jurisdiction to review such challenges only when presented in a petition for review to the court of appeals. *See* 8 U.S.C. § 1252(a)(2)(D) ("Nothing in [§ 1252(a)(2)(B)] shall be construed as precluding

7

review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals."). Finally, because the Court lacks jurisdiction to review USCIS's denial of the Plaintiff's I-485 and I-601 applications, it does not reach the Defendants' arguments under Fed. R. Civ. P. 12(b)(6). *See Leedom Mgmt. Grp., Inc. v. Perlmutter*, 532 F. App'x 893, 895 (11th Cir. 2013) (noting that courts must "always address threshold jurisdictional issues first, since [they] cannot reach questions that [they] never had jurisdiction to entertain.").

## IV. Conclusion

For the foregoing reasons, the Defendants Ur M. Jaddou and Jesselee A. Santos-Krider's Motion to Dismiss [Doc. 7] is GRANTED. The Clerk is DIRECTED to enter judgment, and to close the case.

SO ORDERED, this ___26th___ day of November, 2024.

THOMAS W. THRASH, JR.
United States District Judge